Filed 7/30/13  P. v. Rivera CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B241618 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA070765) |
| v. | |
| ANGEL LUIS RIVERA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mitchell Block, Commissioner.  Affirmed.

Jennifer Hanson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Angel Luis Rivera was charged by felony complaint on April 23, 2012 with possession of methamphetamine (Health & Safe. Code, § 11377, subd. (a)). On April 30, 2012, while represented by appointed counsel, Rivera waived his right to a preliminary hearing and agreed to plead guilty to the charge. As part of the negotiated agreement Rivera was to be placed on three years of formal probation pursuant to Penal Code, section 1210.1 (Proposition 36).

At the time he entered his plea, Rivera was advised of his constitutional rights and the nature and consequences of his plea, both orally and in writing. Rivera stated he understood and waived his constitutional rights, acknowledged he understood the consequences of his plea and accepted the terms of the negotiated agreement. At sentencing, the trial court placed Rivers on three years of formal probation pursuant to the terms of the plea agreement. The trial court granted Rivera's request for a certificate of probable cause without comment.[1]

We appointed counsel to represent Rivera on appeal.[2] After an examination of the record, counsel filed an opening brief in which no issues were raised. On March 25, 2013, we advised Rivera he had 30 days in which to personally submit any contentions or issues he wished us to consider. No response has been received to date.

We have examined the record and are satisfied Rivera's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v.*

---

[1] Rivera's request for a certificate of probable cause appears to assert that his arrest was unlawful because the police were acting on the mistaken belief he was on probation at the time and thus subject to search and seizure conditions. However, there was no oral or written motion to suppress (Pen. Code, § 1538.5).

[2] On December 26, 2012, while his appeal was pending, Rivera was found in violation of probation. Rivera thereafter stipulated to the termination of the Proposition 36 program, and was placed on three years of formal probation on condition he serve 180 days in county jail, with 32 days of presentence custody credit. The trial court ordered Rivera to pay a $40 court security fee, a $30 criminal conviction assessment, a $50 lab fee and a $240 restitution fine and imposed and suspended a probation revocation fine pursuant to Penal Code section 1202.44.

*Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.


ZELON, J.


We concur:


PERLUSS, P. J.


WOODS, J.